**Edward M. STEPHAN, III, Plaintiff,**

v.

**STATE OF ARKANSAS, CLEBURNE COUNTY, Defendant.**

**No. B–C–89–87.**

United States District Court,
E.D. Arkansas, N.D.

Oct. 16, 1990.

Edward M. Stephan, III, Heber Springs, Ark., pro se.

Kay J. Jackson Demailly, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for defendant.

## ORDER

ROY, District Judge.

Before the Court is the defendant's Motion for Summary Judgment. The plaintiff has responded and the matter is now ripe for determination.

In plaintiff's complaint, plaintiff alleges that on October 10, 1989, he was "judged against for failure to enroll my 7 year-old child in school." Plaintiff admits in his complaint that his child is not in school, and that he is in transgression of the law which requires him to place his daughter in school. The sole basis for not placing his child in school is that plaintiff believes the law requiring him to do so is unconstitutional.[1]

According to the affidavit of Municipal Judge Terry Lynn, plaintiff was before him to answer charges of violation of the Compulsory Attendance Provision of Ark.Code Ann. § 6–18–201. He states that in responding to the charges, plaintiff repeatedly contended that the Arkansas Compulsory Attendance Provision was unconstitutional. Judge Lynn further states that when he inquired of plaintiff why he thought that this law was unconstitutional, his response was that it was just unconstitutional. After finding plaintiff in violation of the Compulsory Attendance Provision and fining him under provisions of Ark. Code Ann. § 6–18–216, Judge Lynn stated that it was his belief that the law in question was constitutional and that if plaintiff felt that it was not he should take it to a higher court. According to Judge Lynn's affidavit, he explained to plaintiff in great detail that plaintiff had thirty days in which to appeal the decision to the higher court. Plaintiff did not file an appeal within the thirty-day period. This was not disputed by the plaintiff in his response.

 First, since diversity does not exist, the only way this Court would have jurisdiction would be if a federal question existed. The United States Supreme Court has stated that a district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), citing *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

 In his complaint, plaintiff has failed to allege facts which are sufficient to state a cause of action under a direct constitutional challenge or under the jurisdictional requirements of 28 U.S.C. § 1343, if presented as a 42 U.S.C. § 1983 claim.

Additionally, in his response to the motion for summary judgment, the plaintiff did not dispute the statements made by Judge Lynn in his affidavit. Instead, he stated as follows:

3. As already fully disclosed, I have been unjustly prosecuted for having not placed my child in school. The Constitution of the United States of America allows no governing body, department, etc. the authority to interfere in a private citizen's training of his child. The relief I seek: Namely, that all laws, ordinances, etc., under which I have been

---

1. The Court notes that in the Arkansas statute in question there are provisions pertaining to "home-schooling" if a parent wishes to participate in such program.

prosecuted, be overturned and declared unconstitutional.

Although the plaintiff alludes to the lack of a governing body's "authority to interfere in a private citizen's training of this child," the Court will not speculate as to what federal right plaintiff is attempting to litigate.

Furthermore, it is clear that the plaintiff did not pursue an appeal of the municipal judge's ruling that the statute in question was constitutional. Instead, he brought his suit in federal court, and attempts to have this court rule on the constitutionality of the state statute as well as collaterally attacking the court's finding that he was in violation of that provision. Although it is not necessary to determine whether abstention would be appropriate in light of the above ruling, a review of cases dealing with abstention leads the Court to believe that it would be appropriate to abstain in this case. The Court will not address all of the issues involved in determining abstention. However, the Court notes that the determination of the constitutionality of the state statute in this case is something that can be decided by the state court, and the Eighth Circuit has held that a party cannot avoid the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) by choosing not to pursue available state appellate remedies. *Alleghany Corp. v. McCartney*, 896 F.2d 1138 (8th Cir.1990).

For the foregoing reasons, the Court hereby grants summary judgment in favor of the defendant. Plaintiff's complaint is hereby dismissed.